IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MTISHA JACKSON                                                                      PLAINTIFF

V.                                              CIVIL ACTION NO. 3:15CV144-CWR-LRA

BOBBIE SHAY BRIGHT                                                               DEFENDANT

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Motion to Proceed *in Forma Pauperis* [2] filed on February 27, 2015, by Mtisha Jackson [hereinafter "Plaintiff"]. The undersigned, being fully advised in the premises and having examined the application and affidavit submitted, does hereby find that Plaintiff, who is disabled and receives $831 per month in Supplemental Security Income and other public assistance, is indigent under the law. Plaintiff also has two children, ages 3 and 6, who rely on her for support. She has no cash or other assets, other than a 2001 Ford Taurus.

Based upon the information presented by Plaintiff in her sworn affidavit, the undersigned concludes that Plaintiff is indigent under the law and should be granted *in forma pauperis* status for the purpose of filing this lawsuit. A grant of leave to proceed *in forma pauperis* is made by considering only a litigant's economic status. *See Eason v. Holt,* 73 F.3d 600, 602, n. 10 (5th Cir. 1993). However, the Court may also examine the merits of the claims before allowing process to be issued.

Plaintiff named as Defendant Bobby Shaw Bright, "a representative payee" of Plaintiff's SSI benefits. Her claims against Defendant Bright are contained in the Complaint [1] and as supplemented [3]. Her claims are quoted verbatim in part from the supplement [3] as follows:

> ... Bobbie Shay Bright is a representative payee over my Mtisha Jackson SSI benefits. I had gotten back $1089 in July 29, 2012. My first back pay lump sum. My second Jan. 2, 2013 lump sum of $2098. The third lump sum payment of 6862 in July 2, 2013. From settlement of approval of 3 years of Social Security I only

> had received 1 and my first payment was in July 29, 2012.  When of July 2, 2013 lump sum settlement payment came through she informed me that my payment had been deposit and that she had found me truck and asked me did I want to purchase a truck she had found on a car lot on Terry Road in Jackson, MS for $3,300 and had $2370 left over that she stated I didn't have and every since she been picking at me.  I ask her about my funds and laughed so I ask where was the truck white 2001 Expedition that she took me down to purchase so when she brought me to purchase the white 2001 truck Expedition I formed to let my brother to come pick it up as to drive it back to the house because it was a nice truck to get for me and my kids.  So I asked her again later that week she said you don't have any money left over in the account.  She don't want to give my daughter back.
> ...
>
> I be trying to help her because want her to be here for my children and me.  I feel like the situation need to be brought to justice for help of benefit my children and me.

Supplement to Complaint [3], pp. 1-2.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B).  This statute applies equally to prisoner and non-prisoner cases.  *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002).  The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of §1915(e)(2).  *Neitzke*.

A court must "dismiss [an IFP] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

§ 1915(e)(2)(B).  Under the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F. App'x 435, 435 (5th Cir. 2013) (per curiam) (internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

After reviewing the Complaint, the undersigned is unable to determine the factual circumstances giving rise to Jackson's claim, the legal basis for her claim, the type of relief she is seeking, or even whether the Court has jurisdiction.  The Plaintiff is prosecuting this case *pro se*.  Therefore, her pleadings must be liberally construed.  *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997).   Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted and her Complaint should be dismissed *sua sponte* for this reason.

Since the Court has not considered the merits of Plaintiff's claims and there have been no substantive proceedings on the claims in this Court, the Court's order of dismissal should be without prejudice.  *Cf. Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006) (per curiam).

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed without  prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted.

Plaintiff may amend her Complaint within 14 days, and object to dismissal, should she wish to do so.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of April 2015.

s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE

4